HENRY A. BAKER *vs.* THE TEXAS COMPANY.

Plymouth.  January 19, 1928.— February 28, 1928.

Present: RUGG, C.J., BRALEY, CARROLL, & SANDERSON, JJ.

*Agency,* Existence of relation, Independent contractor.

Where, at the trial of an action of tort for personal injuries against an oil company, it appeared that the plaintiff fell into a hole on the premises of one who had arranged with the defendant for $10 to dig the hole for the installation of a storage gasoline tank, and who had received from the defendant an equipment lease of a pump and storage tank for the sale of the defendant's products, it was *held,* that a verdict properly was ordered for the defendant: the owner of the premises was an independent contractor for whose acts the defendant was not responsible.

The mere facts, appearing at the trial above described, that an agent of the defendant reported to the fire marshal concerning the placing of the tank for the sale of gasoline, and that the owner of the premises asked the agent whether the hole "was long enough and wide enough," were not sufficient to show that the owner of the premises was the servant of the defendant.

TORT for personal injuries.  Writ dated April 16, 1924.

At the trial in the Superior Court before *Donahue,* J., it appeared that the plaintiff was injured by falling into a hole on the premises of one Ellis, whose guest he was.  There was evidence that Ellis dug the hole and put in a concrete foundation for the installation of a gasoline storage tank and pump for the sale of the defendant's products.

A paper signed by Ellis was introduced in evidence, which read: "I agree to dig hole for thousand gallon tank and cement base for pump.  Price $10.00."  Ellis testified that he signed this paper before the plaintiff was injured.  There was also in evidence an equipment lease of a pump and storage tank of the defendant.

There was evidence that Ellis said that the defendant "hired" him to dig the hole, and that the defendant "hounded" or "bothered" him into signing "a contract dated the day before" the plaintiff fell into the hole.  The trial judge ordered a verdict for the defendant, and the plaintiff alleged exceptions.

*E. M. Shanley,* (*B. Tannenbaum* with him,) for the plaintiff.

*E. R. Dewing,* (*H. E. Foley* with him,) for the defendant.

CARROLL, J. The plaintiff was injured by falling into a hole on the premises of one Ellis. There was evidence that Ellis had arranged with The Texas Company for the installation of a gasoline tank, and had agreed to dig a hole large enough for the tank and to put in a concrete foundation for the sum of $10. Ellis received an equipment lease of a pump and storage tank for the sale of the defendant's products.

We are unable to find anything in the evidence indicating that the defendant was responsible for the plaintiff's injuries. The defendant did not make the excavation. Ellis as an independent contractor did the work, using his own means and implements. He was in no sense the servant or agent of the defendant. The Texas Company had no right to direct the manner in which the work of excavation was to be done. The fact that the agent of The Texas Company reported to the fire marshal concerning the placing of the tank for the sale of gasoline, and the further fact that the advice of the defendant's agent was asked by Ellis as to whether the hole "was long enough and wide enough," are not sufficient to show that Ellis was the servant of the defendant. *Morgan* v. *Smith,* 159 Mass. 570. *Harding* v. *Boston,* 163 Mass. 14. *Dutton* v. *Amesbury National Bank,* 181 Mass. 154. *Scribner's Case,* 231 Mass. 132, 134. *Chisholm's Case,* 238 Mass. 412, 420. The judge was right in directing a verdict for the defendant.

*Exceptions overruled.*